**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
E-CENTURION, INC.,

                        Plaintiff,

          - against -

THE LONG BEACH COMPANY,

                        Defendant.
-----------------------------------------------------------X

**ORDER**

CV 06-5913 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      District Judge Hurley referred this matter to me for an inquest on damages and attorney's fees following a "Notation of Default" by the Clerk's Office. Thereafter, I issued an Order setting a briefing schedule and directing the Plaintiff "to provide testamentary, documentary and legal support sufficient to satisfy the Court that the damages sought are warranted." [DE 6]

      Plaintiff's counsel advised the Court by letter motion that it "would waive its request for any damages for sums uncertain including attorneys' fees in order to avoid the time and expense of submitting additional papers and participating in a hearing in this matter." [DE 9] Additionally, Plaintiff's counsel requested that the Court "issue a default judgment in the amount of $2,146,622.00 for Defendant's failure to pay the full amounts due under two invoices for sales of computer hardware products without additional submissions by Plaintiff." *Id.*

      It is axiomatic that "the court must ensure that there is a basis for the damages specified in a default judgment, [and] it may, but need not, make the determination through a hearing." *Lanzafame v. Diamond Exterior Restoration Corp.*, No. 04-CV-4951, 2006 WL 2265054, at *3 (E.D.N.Y. Aug. 8, 2006) (quoting *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156

(S.D.N.Y. 1988)). Plaintiff is charged with the burden of establishing its entitlement to recovery. *See Clague v. Bednarski*, 105 F.R.D. 552 (E.D.N.Y. 1985). Under Fed. R. Civ. P. 55(b),

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b). The Court is mindful that "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Wing v. East River Chinese Rest.*, 884 F. Supp. 663, 668 (E.D.N.Y. 1995). I do not see this matter in the same light as Plaintiff's counsel with regard to the assertion of a "sum certain" based solely on an attorney's affidavit and invoice information provided as exhibits. In order to come to an informed decision about the proper amount of damages to be awarded in this matter, it is "necessary and proper" that further information be provided, particularly in light of the amount of the judgment which Plaintiff seeks, *i.e.*, in excess of two million dollars.

At this juncture, I am withholding a determination regarding the need for a hearing, although it appears that a hearing may be unnecessary. However, some additional information must be provided. For example, no affidavit or declaration from an officer or managerial employee of E-Centurion, Inc. has been provided. Presumably, there is at least one person with first-hand knowledge of the actual purchases and Defendant's failure to pay, as well someone who can attest to the actual amounts involved from that individual's own knowledge base. While I appreciate the attorney's declaration from his review of the files, it is clear from at least

one of the documents submitted as Exhibit B that an initial demand for payment was made by Plaintiff's President. The individual(s) involved with handling or processing these orders at Plaintiff's operation is in a position to provide such first-hand knowledge regarding the goods sold and the cost. In addition, Commercial Invoices 1664 and 1680, included as part of Exhibit A indicate that the goods were shipped to Port Brokers, Inc., which raises the questions how and when were the goods received by the Defendant. It would be helpful to have such documentation to prove delivery.

Accordingly, Plaintiff's request to be awarded damages without the filling of additional papers is DENIED at this time. It is hereby

ORDERED, that Plaintiff shall submit an affidavit from an officer or employee of Plaintiff who has first-hand knowledge of the information set forth above; and it is further

ORDERED, that Plaintiff shall submit to the Court originals of the invoices/purchase orders for the goods encompassed by the default in this case, or, if not available, an explanation as to why they are not available; and it is further

ORDERED, that Plaintiff shall submit to the Court any available documentation confirming the delivery of the goods at issue to the Defendant; and it is further

ORDERED, that Plaintiff shall serve and file its papers containing the foregoing information and documents in support of its damages claim by October 17, 2007, and it is further

ORDERED, that any papers from Defendant in opposition shall be served and filed by November 1, 2007, and it is further

ORDERED, that Plaintiff is directed to serve Defendant with a copy of this Order forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       September 25, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge